MITCHELL LESLIE REISMAN
FED. REG NO. 29932-050
121 BROOK STREET
BARNEGAT , NEW JERSEY 08005

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   JUL 2 4 2014   ★

BROOKLYN OFFICE
2 : 50 PM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MITCHELL REISMAN                    )
          PETITIONER      )
                        )
VS.                                             )
UNITED STATES OF AMERICA )
                        )
         RESPONDENT  )
                        )

CV 14                4571

CASE NO. 09-CR-159(KAM)

MATSUMOTO, J.

AZRACK, M.J.

## PETITION FOR RELIEF PURSUANT TO WRIT OF CORAM NOBIS UNDER 1651(a)

**COMES NOW,**   Pro Se petitioner in the above-styled motion, respectfully seeking leave

of this Honorable court to grant relief by dismissing Court imposed restitution of

$1,069,000.00 dollars.

     A petition for a Writ of Error Coram Nobis is designed to bring the attention of the

court too , and obtain relief from ,errors of fact existing in cases which without

negligence on petitioner's part were not raised by reason of mistake of fact, where facts

did not appear on the face record, and were such as, if known in season, would have

prevented the judgment of restitution rendered.

**U.S. vs. Lowe.**  6  Fed. App. 832 ( 10th cir. 2001)

**AZRACK, M.J.**

The 12 month time limitation for filing a Section 2255 motion as promulgated by the AEDPA ( Anti-Terrorism and Effective Death penalty Act) of 1996 precludes Petitioner from seeking relief through the instrumentality of a Motion to vacate, set aside, or reduce Sentence. Due to mistake of fact, the issue of Petitioner's ability to pay the restitution imposed by the court was not raised. **See United States Vs. Golden,** 854 F.2d 31-33 (2nd Cir. 1988 ) ( petitioner in custody alleging mistake of fact for failing to timely file rule 35 may be entitled to Coram Nobis relief under 1651 (a), even if he is barred from proceeding under 2255.

Petitioner also contends that failure by this court to adjudicate this issue would result in a miscarriage of justice. **United States Vs. Ko, 1999 WL 1216, 730 S.D.N.Y. 1999) (unpub.)** (exercising jurisdiction under 1651 (a) to reduce defendant's sentence so as to avoid effects of immigration law that otherwise cause miscarriage of justice ). **United States V. Munez,** 1989 WL 59609, *2 ( S.D.N..Y. May 30,1989 ) ; accord **Mandarino vs. Ashcroft, 290 F. Supp.**2d 253 n.3 ( D. Conn. 2002 ) (noting Court "would be inclined to grant the petition of Writ of Error Coram Nobis.........if the claim were denied procedurally barred for purposes of a 2255 petition" ).

## STATEMENT OF JURISDICTION

This Court has subject matter and personal jurisdiction over the issues and parties pursuant to Title 28 U.S.C. 1651 (a) (b) and title 18 U.SC. 3231.

The law is clear as to the trial court's jurisdiction over the issues, to act on otherwise final Judgment by Writ of Error. **United States vs, Morgan,** 1364 U.S. 507, 74 S.CT. 247 (1954). A Writ of Error is addressed to the sentencing court of jurisdiction. **United States vs. Montreal,** 301 F.3d 1127, 1130 (9th Cir. 2002 ); **United States vs. Valdez**

**Pacheco,** and **Madigan vs. Wells** , 224 F.2d 527, 578 n. 2 (9th Cir. 1955 ). ,

In **Obado vs. New Jersey, 328** F.3d 716 ( 3rd Cir. 2002 ) the Third Circuit Court of Appeals Wrote " the unavailability of Habeas Corpus relief does not leave deserving Petitioners entirely without recourse because they may bring claims via Writ of Error." **Id**. At 718 ( citing **Sinclair vs. Louisiana**, 679 F 2d 513. 514 ( 5th Cir. 1982) . This court is vested with the Judicial power to fashion the Petitioner's motion with a remedy, where there is an invasion of a federally protected right. **Bell vs. Hood 327** U.S. 684, 90 L.Ed 944, 19 ALR 383.

Petitioner asks this court to take judicial notice of matters of settled law. This petition is based upon the argument contained herein in this document, as well as all records and files to the instant case to include any and all evidence that may be submitted to this Honorable Court, whether by brief or **evidentiary hearing.**

Based on settled law, pleadings, exhibits, and evidence presented in the body of this application, "No alternative means by which he may seek relief exists." See **Kerr** , Supra, 426 U.S. 403 and "…..this pleading meets the burden of showing that petitioner's right to the writ is clear and undisputable." **United States Vs. Ovell**, 176 U.S. 576 19 S. Ct. 286 (1899).

## OVERCOMING PROCEDURIAL BAR ON APPELLANT'S CLAIMS

Statute of limitations 28 U.S.C. 2501 does not bar claims by reason of cause and prejudice that overcomes any procedural default by PETITIONER, cause for default, and actual prejudice resulting wherefrom. **Murray vs. Carrier** , 488 U.S. 478, 494-495 1986). **Engel vs. Isaac,** 456U.S. 107 (1982). See **Wainwright vs. Sykes**, 433 U.S. 72 (1977). Engel vs. Isaac put the final touches on this process requiring the cause and

prejudice standard for a case  involving a procedural default, whether of constitutional

magnitude or not.  See **Estelle vs. Williams**,  425 U.S. 501 (1976)**; Francis vs.**

**Henderson**, 425 U.S. 536 (1976 )**, Davis vs. United States**, 411 U.S. 233 (1973);

**Wainwright vs. Sykes,**  433 U.S. 72 (1977). See **McLesky vs. Zant,** 499 U.S. 495

(1992).   Legal standard applied in **Schlup vs. Delo**, 513 U.S. 298, 115 S. Ct. 851, 130
L.Ed.2d 808 (1995).

      Additionally, Petitioner's claims can be brought due to fundamental defect

resulting  in a complete miscarriage of justice.  **United States vs. Smith** , 843 F.2d 1148,

1149 ( 8th Cir. 1988 ) ( quoting Bonsley vs. United States, 573 U.S. 614, 622, 118 S.Ct.

1604, 140 .Ed.2d  828 (1988) ).  The cause and prejudice standard is a Supreme Court

proscription to obtain a collateral review of a "procedurally defaulted issue by a  2255

movant.  In this instant case   Petitioner  was told that only his trial counsel would decide

who testifies  and as a result no evidence was presented that showed the existence of the

assets he hired the co-defendants to retrieve and that Petitioner clearly hired and paid for

their services , *__he was not part of any conspiracy or even maintained any relationship__*

*__of any kind other then a customer with an arms length transaction.__*  Trial counsels

goading and misrepresentations which worked to the petitioners  actual   and substantial

disadvantage, infecting the entire proceedings with error of constitutional  dimensions."

**Johnson**, 278 F.3d 844 ( quoting **United States v. Frady**,  456 U.S. 152,

170, 102 s.Ct. 1584, 71 L.Ed 2d 816 (1981 ).

      Having overcome the requirements of the gateway claim, Petitioner's attempt to

prove his innocence outright renders any procedural bar irrelevant, in effect passing

through  the **Schlup**  gateway. Going through this gateway allows Petitioner to have his

[illegible] habeas constitutional claims on their merits. Id. 513 (quoting Herrera vs. Collins, 506 U.S. 390, 404, 113 S.Ct. [illegible] 122 L.Ed.2d 203 (1993)).

Following this rationale, in ordering [illegible]

[illegible]

[illegible]

[illegible]

**[illegible]**

[illegible]

[illegible]

"demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. 750. Petitioner will demonstrate that his case falls [in] the narrow class of cases [illegible] instances when constitutional [illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Standard of review

All Writs Acts provides a basis for exercise of equitable power to operate from inherent authority. [illegible]

otherwise barred constitutional claims considered on their merits.. Id. 315  (quoting

Herrara vs. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 . ed. 2d 203 (1993 ) ).

Following this rationale, in order for Petitioner to prevail besides the constitutional errors,

**he will show that but for deficient counsel who <u>neglected to allow any witnesses</u>, it is**

**more than likely that no reasonable juror would have found him guilty since all the**

Exculpatory evidence would have CLEARY shown him to be innocent. The petitioner
never raised a dime for BIM as the prosecution lied and misstated. **The court has**

**<u>refused to look at the contracts , documents  & physical evidence</u>**

**<u>provided that show the   truth, only regurgitating false statements with</u>**

**<u>NO CARE FOR THE  *TRUTH.*</u>**

Appellant can overcome procedural default by presenting sufficient evidence to

"demonstrate that failure to consider the claims will result in a fundamental miscarriage

of justice. " Coleman , 501 U.S. 750 , Petitioner will demonstrate  that his case falls

the " narrow class of cases....(involving) extraordinary instances when constitutional

probably has caused the conviction of one innocent of the crime." McClesky vs. Zant,

499 U.S. 467. 494. 111 S.Ct.  1454, 113 L.Ed 2d 517 (1991).

### STATEMENT OF ISSUES

**<u>WHETHER BECAUSE PETITIONER LACKS THE RESOURCES TO PAY THE</u>**

**<u>COURT IMPOSED RESTITUTION, THE COURT MAY EXERCISE ITS</u>**

**<u>EQUITABE POWERS TO DISMISS IT IN THE INTEREST OF JUSTICE.</u>**

**<u>Standard of review</u>**

 (All Writs Acts provides a basis for exercise of equitable power to separate from

inherent authority). **<u>Texas Inc. Vs, Chandler</u>**, 354 F. 2nd 655,, 657 (10th Cir. 1965 )
Court

has the " power and inescapable duty , whether under the all Writs Statute, 28 U.S.C.

1651. or under its inherent powers of appellate jurisdiction, to effectuate what seems to

be ( the Court) the manifest ends of justice)   internal quote marks omitted).

Discussion:

Without downplaying the significance of the Petitioners offense, Petitioner's legal

arguments , he seeks the indulgence and permission of this Honorable Court to invoke the

memorable words of the court in **UNITED STATES VS. MORGAN**, 346 U.S. 502,505.

(1954) ( "In behalf of the unfortunates, federal courts should act in doing justice if the

record makes a plain a right to relief") Restitution ordered  reversed for a defendant with

no ability to pay and no future prospects. **United States vs. Remillong**, 55 F.3rd 572
(11h

Cir. 1995 )

At the Federal Correctional Institution. where Petitioner was in custody  he made an

average of $11 per month.  Currently he is working and earning $400 per  week.  It is

impossible to get by on $400 per week and pay for housing and restitution.  With no

resources or savings, any additional financial  burden placed on him by this Honorable

Court would run contrary to the intent of Congress, the courts, and the Department of

Justice to rehabilitate and offer a smooth transition back into a free society.  A restitution

would impede petitioner, undermining these intentions.

In **United States vs. Blake** ,, 81 F. 3d 498 ( 4th Cir. 1996 ) the court held that " the court

had to ae findings that the defendant can pay that amount without hardship. "  Further, in

the **United States vs. Jaroszenko**, 92 F. 3d 486 ( 7th Cir. 1996 )  ( the Court failed to
fully   consider the defendant's ability to pay restitution ).

The decisions of the  following Courts are unanimous on the question of Defendant's ability to pay restitution:  **United States vs Monem**, 104 F 3d 250 ( 5th Cir. 1997): **United States Vs. Siegel**, 153 F. 3d 1256 (11th Cir. 1998 ).

## RELIEF SOUGHT

WHEREFORE, Petitioner seeks leave of this Honorable Court to dismiss the amount of restitution in the interest of Justice.

Date:  May  3, 2014                     Respectfully submitted,

                                        Mitchell  Reisman      PRO_SE
                                        #29932-050